IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| COX COMMUNICATIONS, INC., | § | |
| | § | No. 103, 2023 |
| Plaintiff/Counterclaim | § | |
| Defendant Below, | § | Court Below–Court of Chancery |
| Appellant, | § | of the State of Delaware |
| | § | |
| v. | § | C.A. No. 2021-0010 |
| | § | |
| T-MOBILE US, INC., | § | |
| | § | |
| Defendant/Counterclaim | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 24, 2023
Decided: April 14, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice of interlocutory appeal and its exhibits, it appears to the Court that:

(1)    In 2017, the appellant, Cox Communications, Inc., and Sprint Corporation resolved two lawsuits between the parties by entering into a settlement agreement (the "Settlement Agreement").   In Section 9(e) of the Settlement Agreement, Cox agreed that, before it offered wireless mobile services to its customers, it would enter into a "definitive" exclusive provider agreement with Sprint "on terms to be mutually agreed upon between the parties for an initial period of 36 months[.]"  In 2020, the appellee—T-Mobile US, Inc., Sprint's successor in

interest—and Cox negotiated toward a mobile virtual network operator ("MVNO") agreement but did not agree to final terms. In September 2020, Cox decided to enter into an MVNO agreement with Verizon.

(2) In January 2021, Cox filed a complaint in the Court of Chancery seeking to enjoin T-Mobile from attempting to use Section 9(e) to interfere with Cox's MVNO agreement with Verizon. T-Mobile filed counterclaims for, among other things, breach of contract. On October 8, 2021, the Court of Chancery issued a post-trial bench ruling permanently enjoining Cox from offering wireless mobile services by partnering with any mobile network operator other than T-Mobile before entering into a MVNO agreement with T-Mobile.[1] The court found that Section 9(e) contains two promises: (i) an obligation to refrain from entering the wireless mobile services market or broker a deal with T-Mobile (as Sprint's successor-in-interest) and (ii) a Type II preliminary agreement that kicks in once Cox enters into an exclusive relationship with T-Mobile and requires both parties to negotiate open issues in good faith. Because the court concluded that Cox had violated Section 9(e) by offering wireless mobile services through a carrier other than T-Mobile, the court did not reach the question of whether the parties had negotiated the open terms in good faith.

---

[1] *Cox Commc'ns v. T-Mobile US, Inc.*, 2021 WL 4863119 (Del. Ch. Oct. 18, 2021).

(3) Cox appealed the decision. While the appeal was pending, Cox and T-Mobile again tried to negotiate a MVNO agreement but were unable to agree on final terms. On March 3, 2022, we reversed the trial court's interpretation of Section 9(e), vacated the injunction, and remanded the case for further proceedings.[2] Specifically, we held that Section 9(e) contains a single promise—a "paradigmatic Type II agreement of the kind we recognized in *SIGA v. PharmAthene*."[3] Because parties to such agreements must negotiate the open terms in good faith, we directed the Court of Chancery on remand to determine whether Cox and T-Mobile have discharged their obligations to negotiate in good faith.[4]

(4) Following remand, the parties stipulated to T-Mobile's supplementation of its counterclaims, and Cox moved to dismiss them. On February 27, 2023, the Court of Chancery denied Cox's motion to dismiss T-Mobile's supplemental claims (the "Ruling"). The Court of Chancery rejected Cox's arguments that T-Mobile's supplemental counterclaims: (i) exceed the scope of this Court's remand, (ii) improperly rely on settlement negotiations and therefore run afoul of Delaware Rule of Evidence 408; and (iii) fail to state a claim for breach of contract. Cox timely moved for the certification of an interlocutory appeal. T-Mobile opposed the application.

---

[2] *Cox Commc'ns, Inc. v. T-Mobile US, Inc.*, 273 A.3d 752 (Del. 2022).
[3] *Id.* at 760 (citing *SIGA Techs., Inc. v. PharmAthene, Inc.*, 67 A.3d 330, 349 (Del. 2013)).
[4] *Id.* at 768.

(5) On March 23, 2023, the Court of Chancery denied Cox's application. The Court of Chancery disagreed with Cox's claim that the Ruling had decided a substantial issue of material importance—a threshold consideration under Rule 42[5]—because (i) denials of motions to dismiss are rarely, if ever, decide issues of substantial issues of material importance and (ii) its decision to reopen the record on remand was a discretionary one. Even so, the Court of Chancery also reviewed the Rule 42(b)(iii) factors cited by Cox and concluded that they did not weigh in favor certification of an interlocutory appeal. First, the Court of Chancery found that the Ruling neither created a "new rule" nor overruled prior Supreme Court decisions[6] with regard to the parties' responsibilities to negotiate Type II agreements in good faith. Likewise, the Court of Chancery found that the Ruling did not conflict with prior trial court decisions' interpretation of the applicability of DRE 408 at the pleadings stage.[7] And the Court of Chancery, noting that it exercised its discretion to permit T-Mobile to supplement its claims on remand, rejected Cox's argument that interlocutory review would serve the considerations of justice[8] on that basis. The Court of Chancery also considered the remaining Rule 42(b)(iii) factors and

---

[5] Del. Supr. Ct. R. 42(b)(i).
[6] Del. Supr. Ct. R. 42(b)(iii)(A) & (B).
[7] Del. Supr. Ct. R. 42(b)(iii)(B).
[8] Del. Supr. Ct. R. 42(b)(iii)(H).

4

found that none of them weighed in favor of certification. We agree with the Court of Chancery that interlocutory review is not warranted in this case.

(6) Applications for interlocutory review are addressed to the sound discretion of the Court.[9] In the exercise of its discretion and giving due weight to the Court of Chancery's analysis, the Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Ruling do not exist in this case,[10] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[11]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[9] Del. Supr. Ct. R. 42(d)(v).
[10] Del. Supr. Ct. R. 42(b)(ii).
[11] Del. Supr. Ct. R. 42(b)(iii).